NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

Habib MARCUS, d/b/a Marcus Bros.,
Respondent.

No. 63, Docket 25645.

United States Court of Appeals
Second Circuit.

Argued Nov. 18, 1959.

Decided Dec. 1, 1959.

Betty Jane Southard, National Labor Relations Board, Washington, D. C. (Stuart Rothman, General Counsel, Thomas J. McDermott, Associate General Counsel, Marcel Mallet-Prevost, Assistant General Counsel, Fannie M. Boyls Washington, D. C., and Donald J. Bardell, on the brief), for petitioner.

Salvatore J. Iannucci, New York City, for respondent.

Before MAGRUDER, MEDINA and FRIENDLY, Circuit Judges.

PER CURIAM.

This is a routine case in which the National Labor Relations Board has petitioned for enforcement of an order against Habib Marcus, d/b/a Marcus Bros., directing respondent to cease and desist from refusing to bargain collectively with Amalgamated Plastic Toys and Novelty Workers, Local 44, I. B. P. M. O. E., Ind., as the exclusive bargaining representative of all of his employees in a certain appropriate unit, to cease and desist also from interrogating and threatening employees in violation of § 8(a) (1) of the National Labor Relations Act, as amended, 61 Stat. 136, 65 Stat. 601, 72 Stat. 945, 29 U.S.C.A. § 158(a) (1); and to take also appropriate "affirmative action."

The case was briefed and argued by counsel for the Board and was submitted on brief by counsel for respondent.

Marcus is engaged in the manufacture of sheets, pillow cases and baby

blankets. For the latest year in which statistics were available he did a gross business of $150,000 or more, 75% of which was derived from products which he shipped directly to places outside the state of manufacture. There cannot be the slightest doubt that under the Act the evidence on the record as a whole warranted the Board in asserting jurisdiction of the case and that the exercise of such jurisdiction was constitutional. See N. L. R. B. v. Friedman-Harry Marks Clothing Co., 1937, 301 U.S. 58, 57 S.Ct. 645, 81 L.Ed. 921; N. L. R. B. v. Fainblatt, 1939, 306 U.S. 601, 307 U.S. 609, 59 S.Ct. 668, 83 L.Ed. 1014; Slater v. Denver Building and Construction Trades Council, 10 Cir., 1949, 175 F.2d 608.

We think also that the evidence on the record on the whole fully warranted the Board in its findings that practically all of respondent's employees had signed cards authorizing the Union to represent them for purposes of collective bargaining and that respondent, with no genuine or reasonable doubt of the Union's majority, had declined to recognize it and had refused to bargain collectively with it in violation of § 8(a) (5) of the Act. In his brief respondent makes some point that at a later date his employees signed a statement that they had never been threatened or abused by respondent and that they did not wish to be represented by the Union. However, this statement was signed after the unfair labor practice had been committed, and moreover the employees' signatures on the withdrawal petition were obtained under circumstances which indicated a separate unfair labor practice in violation of § 8(a) (1). See Franks Brothers Co. v. N. L. R. B., 1944, 321 U.S. 702, 703–704, 64 S.Ct. 817, 88 L.Ed. 1020. Also, the Board was warranted on the record as a whole in finding that the respondent was guilty of various acts of coercive interference with self organization in violation of § 8(a) (1).

A decree will be entered enforcing the order of the Board.